UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**GREGORY ATKINSON**,

    Plaintiff,

  v.

**URBAN LAND PRESERVATION, LLC, ET AL.**,

    Defendants.

Case No. 15-cv-03689-YGR

**ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF DIVERSITY JURISDICTION**

Re: Dkt. No. 1

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

YOU ARE HEREBY ORDERED TO SHOW CAUSE in writing by no later than **November 3, 2015**, as to why this action should not be remanded for lack of jurisdiction.

For proper diversity jurisdiction under 28 U.S.C. § 1332(a), there must be "complete diversity," i.e., "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, defendants generally allege in their notice of removal that "[c]omplete diversity . . . exists" between the parties because plaintiff is a Nevada resident and defendants John Rowell and John Marren are California residents, and defendant Urban Land Preservation, LLC is a California corporation with its principal place of business in Fresno, California. However, the notice of removal lacks the requisite allegations as to the citizenship of each member of defendant Urban Land Preservation, LLC. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding diversity jurisdiction depends on the citizenship of *all members* of partnerships or limited liability corporations) (emphasis added).

**IT IS SO ORDERED.**

Dated: October 2: , 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**