UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY ATKINSON**, <br> Plaintiff, <br> v. <br> **URBAN LAND PRESERVATION, LLC, ET AL.**, <br> Defendants. | Case No. 15-cv-03689-YGR <br><br> **ORDER DENYING MOTION TO REMAND** <br> Re: Dkt. No. 11 |

Plaintiff filed his initial complaint in state court on July 22, 2014.  (Dkt. No. 11 at 2.)  On August 12, 2015, defendants Urban Land Preservation, LLC and John Rowell filed a notice of removal.  (Dkt. No. 1.)  The notice of removal alleges diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), based on complete diversity between the parties—with plaintiff a purported Nevada resident and defendants as California residents—and an amount in controversy in excess of $20 million.  (Dkt. No. 1 ¶ 3.)  On September 21, 2015, plaintiff filed a motion to remand, which the Court now considers.  (Dkt. No. 11.)[1]

A defendant may remove a civil action filed in state court if the action could have

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).  The hearing was previously vacated.  (Dkt. No. 21.)  Thereafter, the Court issued an Order to Show Cause to confirm diversity jurisdiction was proper in light of the citizenship of the members of defendant Urban Land Preservation, LLC.  (Dkt. No. 22.)  Defendants satisfied the Order to Show Cause with a response indicating all members of the LLC were, at all relevant times, California residents, establishing complete diversity.  (Dkt. No. 23.)  Plaintiff filed a reply thereto, without leave, asking that the removal petition be "dismissed with prejudice" as defective for failing to include those allegations.  The request is **DENIED**.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (holding "the district court cannot remand *sua sponte* for defects in removal procedure," only for a lack of subject matter jurisdiction) (emphasis in original).  In the same reply, plaintiff requested leave to "re-submit" his pending motion to remand on the same grounds raised in the current motion.  The request to file another untimely motion for remand, without any proffered basis, is likewise **DENIED**.

originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). A notice of removal must be filed within 30 days of service of the initial complaint, or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446. The removal statutes are generally construed restrictively, so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

A district court must remand a case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There is typically a strong presumption against finding removal jurisdiction. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are generally resolved in favor of remanding the case to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). However, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

Plaintiff's motion does not dispute the jurisdictional allegations, but rather argues the removal was untimely, coming more than a year after the case was initiated in state court. However, plaintiff's motion to remand was itself untimely filed, having been submitted forty days following the notice of removal—ten days past the statutory deadline.

In responding to the substance of plaintiff's argument, defendants contend they neither knew nor had reason to know that plaintiff was not a resident of California until after the receipt of certain discovery responses received within the thirty days immediately preceding removal. (Dkt. No. 1 ¶¶ 5-6.) The parties dispute whether defendants made diligent efforts to ascertain plaintiff's residency during the preceding year of litigation. Nevertheless, the Court need not reach the merits of plaintiff's motion to remand where, as here, the motion was untimely filed and subject

matter jurisdiction is undisputed and sufficiently established. Plaintiff argues—against the plain language of the statute and without citation to any supporting legal authority—that the thirty day period within which plaintiff was required to move to remand only started running after the case was reassigned from a magistrate judge to the undersigned. The Court disagrees with this apparently novel interpretation of the statute. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 755-56 (9th Cir. 2009) (noting a motion to remand premised upon a purported defect in the notice of removal, such as the removing party's failure to file its notice within the statutory period, must be filed within thirty days following the notice); *Maniar v. F.D.I.C.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (holding "untimely removal is a procedural defect and not jurisdictional, and that § 1447(c) limits a district court's power to remand a case *sua sponte* for such a procedural defect"). Thus, the Court **DENIES** the motion to remand as untimely.

This Order terminates Docket Number 11.

**IT IS SO ORDERED.**

Dated: November 4, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**